RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
NOAH A. DURAN, ESQ.
Nevada Bar No. 15033
RYAN ALEXANDER, CHTD.
3017 W. Charleston Blvd., Ste. 10
Las Vegas, Nevada 89102
Telephone: (702) 333-8888
Facsimile: (702) 822-1133
ryan@ryanalexander.com
noah@ryanalexander.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ED SABOURI, an Individual; KYLEE SABOURI, an Individual;<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY INSURANCE COMPANY, a Foreign Corporation, and DOES I-X, unknown persons,<br>　　　　　　Defendants. | Case No.: 2:25-cv-01165-JAD-EJY<br>Hon. Jennifer A. Dorsey<br><br>**SECOND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

The parties held a scheduling conference under Federal Rule of Civil Procedure 26(f) on September 19, 2025. The parties now submit their proposed discovery plan and scheduling order in compliance with LR 26-1(b).

**1. Discovery Cut-Off Date.** Defendant appeared on June 30, 2025 [using the date of Defendant's initial appearance by Notice of Removal, which was June 30, 2025], and after motion practice Answered on September 16, 2025. The Parties propose **180 days of discovery** from today's date of October 31, 2025. **The parties request that discovery close on April 29, 2026.** This request is due to the complicated facts of the Complaint, which involves claims related to significant injuries to the Plaintiff including recommended spinal surgery and damages related to the accident. Plaintiff is still in treatment. Discovery will likely involve a number of medical experts. The Parties agree that this would be beneficial.

1

2. Amending the Pleadings and Adding Parties. The deadline to amend the pleadings and add parties is January 29, 2026.

3. Expert and Rebuttal-Expert Disclosures. The deadline to disclose initial experts is ~~June~~ **March 2**, ~~23,~~ 2026. The deadline to disclose rebuttal experts is ~~March 2,~~ **April 1** 2026.

4. Dispositive Motions. The deadline to file dispositive motions is May 29, 2026.

5. Pretrial Order. The deadline to file a pretrial order is June 29, 2026.

6. Fed. R. Civ. P. 26(a)(3). The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

7. Alternative Dispute Resolution. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

8. Alternative Forms of Case Disposition. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

9. Electronic Evidence. The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations.

10. Initial Disclosures. No changes are necessary in the form or requirement for the disclosures under Fed. R. Civ. P. 26(a). Plaintiffs served their Initial Disclosures on September 22, 2025; and Defendant filed its Initial Disclosures on October 6, 2025.

11. E-discovery. The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ('OCR") format. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

12. Clawback Agreement. In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the

Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

In the event that the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

13. Extensions or modifications of the discovery plan and scheduling order. In accordance with LR 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date.

Therefore, such stipulations or motions shall be made not later than April 8, 2026.

14, Email Service: The parties consent to electronic service, to the extent the size of the submission permits it, of all court filings, not served through ECF (e.g., filings under seal) and such service shall constitute proper service under FRCP 5(b)(2)(E). The parties further consent to electronic service of correspondence and discovery, in lieu of other service methods, under FRCP 5(b)(2)(E) on all counsel who have entered an appearance on behalf of the party to be served.

DATED  October 31, 2025.                                        RYAN ALEXANDER, CHTD.

*/s/ Ryan Alexander*
RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
NOAH A. DURAN, ESQ.
Nevada Bar No. 15033
3017 W. Charleston Blvd., Ste. 10
Las Vegas, Nevada 89102
*Attorney for Plaintiff*

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

 /s/ Cheryl A. Grames
Jonathan W. Carlson, Esq.
Nevada Bar No. 10536
Cheryl A. Grames, Esq.
Nevada Bar No. 12752
Cheryl A. Grames, Esq.
Nevada Bar No. 12752
7160 Rafael Rivera Wy., Ste. 320
Las Vegas, Nevada 89113
*Attorneys for Defendant,*
*American Family Insurance Company*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: November 3, 2025

4